IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NICHOLAS WHALEY**,<br><br>        Plaintiff,<br><br>    v.<br><br>**OREGON DEPARTMENT OF CORRECTIONS**; **TWO RIVERS CORRECTIONAL INSTITUTION**; **BRIGITTE AMSBERRY**, Superintendent, TRCI; **CORRECTIONS SERGEANT CAMPOS**; **REGISTERED NURSE PETERSON**,<br><br>        Defendants. | Case No. 2:21-cv-01254-IM<br><br>**ORDER OF DISMISSAL** |

**IMMERGUT, District Judge.**

    Plaintiff Nicholas Whaley ("Whaley"), an individual currently in custody at Oregon State Penitentiary, brings this civil rights action pursuant to 42 U.S.C. § 1983. The Court previously granted Whaley leave to proceed *in forma pauperis*. For the reasons set forth below, this Court

PAGE 1 – ORDER OF DISMISSAL

dismisses Whaley's Complaint (ECF No. 2) in part, and denies his Motion for Appointment of Counsel (ECF No. 3).

## STANDARDS

The Court must dismiss an action initiated by an individual in custody seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B); 28 U.S.C. § 1915A(b). In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Whaley is proceeding as a self-represented litigant, and therefore this Court construes the pleadings liberally and affords Whaley the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that documents filed by a self-represented litigant must be liberally construed, and that a self-represented litigant's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers").

## DISCUSSION

Whaley brings this action against the Oregon Department of Corrections ("ODOC"); Two Rivers Correctional Institution ("TRCI"); TRCI Superintendent Brigitte Amsberry ("Amsberry"); Corrections Sergeant Campos ("Campos"); and Registered Nurse Peterson ("Peterson"). Whaley

alleges that while he was housed in the Disciplinary Segregation Unit at TRCI on September 14, 2020, pepper spray was used to subdue two individuals engaged in a physical altercation immediately in front of his cell. (Compl. at 3.) Within seconds, Whaley began to experience "burning to his eyes, lungs, and skin . . . [and] the worst pain he had ever experienced in his life." (*Id.*) Whaley alleges that he informed unit staff, Campos, and Peterson that he was experiencing continuous pain and burning as a result of his exposure to the chemical agent deployed near his cell, that "he felt like he was dying[,]" and that he suffers from asthma and Chronic Obstructive Pulmonary Disease. (*Id.*) In response, Campos ordered the decontamination of Whaley's cell, but nevertheless refused to allow Whaley to shower until the next day, and Peterson failed to "properly diagnose and treat . . . potentially life-threatening symptoms" caused by Whaley's exposure to pepper spray in his cell. (*Id.* at 4-6.)

Prison officials "have a duty to ensure that [individuals in custody] are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To establish a claim for deprivation of humane conditions of confinement under the Eighth Amendment, a plaintiff must plead facts that meet two requirements: one objective and one subjective. *Farmer*, 511 U.S. at 834. Objectively, the plaintiff must allege that he suffered a "sufficiently serious" deprivation that denied him the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Subjectively, the plaintiff must show that the prison official acted with "deliberate indifference to a substantial risk of serious harm." *Frost*, 152 F.3d at 1128.

Whaley alleges that after pepper spray was deployed immediately outside of his cell, he experienced pain and burning to his eyes, lungs, and skin. Although Whaley informed numerous officials, including Campos, that he suffered from chronic respiratory conditions and was

PAGE 3 – ORDER OF DISMISSAL

experiencing severe pain and discomfort as a result of his exposure to a chemical irritant, Campos refused to allow Whaley to shower because "he was not directly exposed" to the pepper spray, and because if Whaley was allowed to shower, Campos would have to provide the other individuals housed in the unit with an opportunity to shower. (Compl. at 5.)

"The failure of prison officials to decontaminate an inmate following the use of pepper spray may support a claim [] under section 1983 for deliberate indifference to the inmate's serious medical needs." *Johnson v. Dovey*, No. 1:08-cv-00640-LJO-DLB PC, 2009 WL 1099898, at *5 (E.D. Cal. Apr. 23, 2009). Liberally construed, Whaley has stated a cognizable Eighth Amendment claim against Campos. *See id.* (finding the plaintiff stated a cognizable Eighth Amendment claim where defendants hosed pepper spray from plaintiff's eyes, but not his body, and refused to allow him to shower off the pepper spray for three days).

Whaley fails, however, to state a claim against Peterson. Whaley alleges Peterson "acted with deliberate indifference" by failing to properly diagnose and treat his symptoms, but that allegation is conclusory and does not state a cognizable claim for inadequate medical care under the Eighth Amendment. *See Iqbal*, 556 U.S. at 678 (explaining that a pleading "that offers 'labels and conclusions,'" "a formulaic recitation of the elements," or "'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient to state a plausible claim for relief) (quoting *Twombly*, 550 U.S. at 557). Indeed, Whaley alleges that "[a] Registered Nurse employed in the TRCI Health Services Section" returned his request for medical attention with a note instructing him to address decontamination requests with security, apparently making no attempt to expedite decontamination or to evaluate and treat Whaley's ongoing symptoms, (Compl. at 6-7), butWhaley does not allege that Peterson is the registered nurse in question. Moreover, Whaley appears to attribute a significant portion of the objectionable conduct described to "TRCI Medical Staff"

PAGE 4 – ORDER OF DISMISSAL

generally, which cannot form the basis of a cognizable claim under Section 1983. *See McHenry v. Renne*, 84 F.3d 1172, 1179–880 (9th Cir. 1996) (affirming dismissal of complaint which failed to "say which wrongs were committed by which defendants"). Instead, Whaley must demonstrate that specific individuals acted or failed to act with a "sufficiently culpable state of mind" notwithstanding "his knowledge of a substantial risk of serious harm." *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

To the extent Whaley seeks to hold Superintendent Amsberry liable for failing to train Campos on the proper handling of medical emergencies, "[t]he simple role as a supervisory official is insufficient to support a personal misconduct claim under [Section] 1983." *Solorio v. Montgomery*, Case No. 19cv2193-JAH (MDD), 2020 WL 353607, at * 4 (S.D. Cal. Jan. 21, 2020); *see also Iqbal*, 556 U.S. at 677 (explaining that "each government official [named in a Section 1983 suit], his or her own title notwithstanding, is only liable for his or her own misconduct"). Instead, Whaley must allege that Amsberry was "deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights." *Flores v. Cty. of L.A.*, 758 F.3d 1154, 1159 (9th Cir. 2014). He must also allege a pattern of similar violations, because isolated incidents like that described here are insufficient to put Amsberry "on notice that a course of training is deficient in a particular respect" and will "cause violations of constitutional rights." *Id.* Whaley does not allege facts sufficient to state a failure to train claim against Amsberry.

Finally, to the extent Whaley attempts to hold ODOC and TRCI liable for any constitutional injuries stemming from this incident, the Eleventh Amendment bars suit in federal court against either a state or an agency acting under its control absent a clear and equivocal waiver. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144

PAGE 5 – ORDER OF DISMISSAL

(1993). The State of Oregon has not consented to be sued in federal court or otherwise waived its immunity. Accordingly, the Court dismisses Whaley's Complaint as to ODOC and TRCI.

## CONCLUSION

Based on the foregoing, the Court DISMISSES Whaley's Complaint (ECF No. 2) as to defendants Peterson, Amsberry, ODOC, and TRCI for failure to state a claim. This dismissal is with prejudice as to ODOC and TRCI. Whaley may file an amended complaint, within thirty days of the date of this Order, curing the deficiencies noted above. Whaley is advised that if he fails to file an amended complaint, this action will proceed against Campos only.

This Court DENIES Whaley's Motion for Appointment of Counsel (ECF No. 3) because he has demonstrated a sufficient ability to articulate his claims in light of the complexity of the case and, at this stage of the proceeding, has failed to demonstrate a likelihood of success on the merits. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Whaley may renew his request for counsel at a later stage of the proceeding.

**IT IS SO ORDERED.**

DATED this   27th   day of August, 2021.

*Karin J. Immergut*
Karin J. Immergut
United States District Judge